UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-1 ROS'S CABINETS II, INC.,

        Defendant.
_____/

Criminal No. 15-cr-20149

Honorable Robert H. Cleland

## **STIPULATED PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan, and RONALD WATERSTREET, Assistant United States Attorney, together with Defendant ROS'S CABINETS II, INC. ("Defendant"), individually and by and through its attorney, STEVEN FISHMAN, ESQ., hereby submit this Stipulated Preliminary Order of Forfeiture:

1. The United States filed a Superseding Information on or around June 1, 2015 which charged Defendant with Count One, Hiring 10 or More Illegal Aliens Within a 12 Month Period in violation of 8 U.S.C. § 1324 (a)(3)(A).

2. On or about June 2, 2015, Defendant pled guilty to Count One of the Superseding Information.

3. As part of the Rule 11 Plea Agreement, Defendant agreed, pursuant to 8 U.S.C. § 1324(b), 28 U.S.C. § 2461(c), and/or 18 U.S.C. § 982(a)(6) to forfeit any interest it may have in the following property to the United States:

> **Eight Thousand Eight Hundred Thirty-One Dollars ($8,831.00) in U.S. Currency**

(hereinafter, the "Subject Property").

4. Defendant specifically acknowledges that the Subject Property constitutes proceeds traceable to its criminal conviction in violation of 8 U.S.C. § 1324 and is therefore subject to forfeiture to the United States pursuant to 8 U.S.C. § 1324(b), 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a)(6).

5. In the Rule 11 Plea Agreement, Defendant expressly waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing and incorporation of forfeiture in the judgment.

6. In the Rule 11 Plea Agreement, Defendant expressly waived its right to have a jury determine the forfeitability of its interest in the Subject Property as provided by Rule 32.2 of the Federal Rules of Criminal Procedure.

6. In the Rule 11 Plea Agreement, Defendant knowingly, voluntarily, and intelligently waived any challenge to forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

7. In the Rule 11 Plea Agreement, Defendant acknowledged that it understands that forfeiture of the Subject Property is part of the sentence that may be imposed on it in this case and waives its right to challenge any failure by the Court to advise it of this at the time that its guilty plea was accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

9. Defendant hereby agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture, and agrees that any and all interest it has in the Subject Property shall be forfeited to the United States for disposition according to law.

10. NOW THEREFORE, based upon the Superseding Information, the Rule 11 Plea Agreement, Defendant's agreement to forfeiture in this Stipulation, and other information in the record, and pursuant to 8 U.S.C. § 1324(b), 28 U.S.C. § 2461(c), and/or 18 U.S.C. § 982(a)(6), IT IS HEREBY ORDERED that the Subject Property IS FORFEITED to the United States for disposition according to law, and that any right, title or interest of Defendant, and any right, title or interest that its successors or assigns, have or may have in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED.

11. IT IS FURTHER ORDERED that upon entry of this Stipulated Preliminary Order of Forfeiture, the United States Attorney General or her designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

12. Pursuant to 21 U.S.C. § 853(n), Federal Rule of Criminal Procedure 32.2(b)(6) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject

Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

13.     IT IS FURTHER ORDERED that the United States is hereby authorized, pursuant to Federal Rules of Criminal Procedure 32.2(c), to conduct discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

14.     IT IS FURTHER ORDERED THAT pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.   If: (1) no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), or (2) any petitions for ancillary hearing are disposed of or adjudicated in favor of the United States, then this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

15.     IT IS FURTHER ORDERED THAT after this Order becomes the Final Order of Forfeiture; the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

16. IT IS FURTHER ORDERED THAT the Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney


*s/Ronald W. Waterstreet*
RONALD W. WATERSTREET
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9593
Ronald.waterstreet@usdoj.gov
P-42197

Dated: September 1, 2015

*s/ with consent Steven Fishman*
STEVEN FISHMAN
Counsel for Defendant
615 Griswold, Suite 1125
Detroit, MI 48226-3910
(313) 962-4090
sfish6666@gmail.com
P-23049

Dated: September 1, 2015

*s/ with consent Antonio Virelli*
Antonio Virelli
President, Ros's Cabinets II

Dated: September 1, 2015

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: September 13, 2015

s/Robert H. Cleland
HONORABLE ROBERT H. CLELAND
United States District Judge